IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| OSCAR PATINO, in his individual capacity and on behalf of all similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>LAWYERS TITLE INSURANCE CORPORATION,<br><br>Defendant,<br><br>v.<br><br>CAPITAL TITLE, L.L.C.,<br><br>Third-Party Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§ NO. 3:06-CV-1479-F<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

**MEMORANDUM OPINION IN SUPPORT OF ORDER GRANTING
LAWYERS TITLE'S MOTION FOR SUMMARY JUDGMENT**

BEFORE THE COURT is Defendant Lawyers Title Insurance Corporation's ("Lawyers Title") Motion for Summary Judgment (Docket No. 102); Plaintiff Oscar Patino's ("Patino") Response to Lawyers Title's Motion for Summary Judgment; and Lawyers Title's Reply in Support of its Motion for Summary Judgment. The Court held a hearing on this matter on March 11, 2010. At the hearing the Court determined that Patino's state law claims should be severed from his federal claim. With regard to Lawyers Title's Motion for Summary Judgment on Patino's sole federal claim, the Court ruled from the bench that the motion should be GRANTED. The Court here enters its Memorandum Opinion in support of the Court's Order at the hearing.

1

## I. BACKGROUND

This case arises from Patino's decision to refinance his home on May 8, 2006. The transaction was closed by Capital Title, L.L.C. ("Capital Title"). Patino was required to purchase title insurance and was charged a premium of $1,096.95. Lawyers Title concedes that this amount was incorrect and that Plaintiff was entitled to a discount of $285.20 pursuant to the Texas Department of Insurance's ("TDI") mandatory Rate Rule R-8. Patino filed his original complaint against Lawyers Title on August 16, 2006. He currently alleges three claims against Lawyers Title for (1) money had and received; (2) unjust enrichment; and (3) a violation of 12 U.S.C. § 2607(b) (the Real Estate Settlement Procedures Act, "RESPA"). Because the Court severed Patino's state law claims, only his RESPA claim is considered here. RESPA § 8(b) provides that "No person shall give and no person shall accept any portion, split, or percentage of any charge made or received for the rendering of a real estate settlement service in connection with a transaction involving a federally related mortgage loan other than for services actually performed." 12 U.S.C. § 2607(b). Lawyers Title argues that Patino's RESPA claim fails as a matter of law.

Lawyers Title previously filed a 12(b)(6) motion asking the Court to dismiss the RESPA claim. Judge Boyle denied the Motion to Dismiss. She found that RESPA does not afford a cause of action for overcharges, but refused to dismiss the RESPA claims, because the nature of the relationship between Lawyers Title and its title agent was unclear. Mem. Order at 13.

//

## II. LEGAL STANDARD

Summary judgment is appropriate if the evidence shows there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996). In the summary judgment process, both movants and non-movants bear burdens of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). The movant with the burden of proof at trial must establish every essential element of its claim or affirmative defense. *Id.* at 322. In so doing, the moving party without the burden of proof need only point to the absence of evidence on an essential element of the non-movant's claims or affirmative defenses. *Id.* At that point, the burden shifts to the non-moving party to "produce evidence in support of its claims or affirmative defenses." *Id.* at 324. The non-moving party must produce "specific facts" showing a genuine issue for trial and not mere general allegations. Fed. R. Civ. P. 56(e); *Tubacex v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). It is important to note that "[n]either 'conclusory allegations' nor 'unsubstantiated assertions' will satisfy the non-movant's burden." *Wallace v. Tex. Tech. Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996).

In deciding whether to grant summary judgment, the Court should view the evidence in the light most favorable to the party opposing summary judgment and indulge all reasonable inferences in favor of that party. Thus, the Court construes all facts and inferences in the light most favorable to the non-moving party. *Richter v. Merchs. Fast Motor Lines, Inc.*, 83 F.3d 96, 98 (5th Cir. 1996). "The standard of review is not merely whether there is a sufficient factual dispute to permit the case to go forward,

but whether a rational trier of fact could find for the non-moving party based upon the evidence before the court." *James v. Sadler*, 909 F.2d 834, 837 (5th Cir. 1990) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). To the extent that facts are undisputed, the Court may resolve the case as a matter of law. *Blackwell v. Barton*, 34 F.3d 298, 301 (5th Cir. 1994).

### III. DISCUSSION

Lawyers Title seeks summary judgment on Patino's RESPA claim, arguing that the claim fails because both Lawyers Title and the title agent provided services. Further, Lawyers Title alleges that it did not know about the overcharge, which precludes RESPA liability. Patino disputes Lawyers Title's characterization of the fee he was charged as a "mere overcharge." Rather, Patino alleges he was charged a fee for which no services could be performed. Because the Court grants Lawyers Title's Motion for Summary Judgment based on the nature of the fee paid, the Court does not make any findings regarding Lawyers Title's knowledge about the overcharge.

The issue of whether RESPA covers mere overcharges has not specifically addressed by the Fifth Circuit. The Department of Housing and Urban Development ("HUD") has, in a policy statement, argued that RESPA § 8(b) is violated in the event of an overcharge. *See* Real Estate Settlement Procedures Act Statement of Policy 2001-1, 66 Fed. Reg. 53,052, 58,052 (Dep't of Hous. and Urban Dev. Oct. 18, 2001) (reiterating HUD's "long-standing position" that RESPA § 8(b) is violated if "one settlement provider . . . [charges a fee] in excess of the reasonable value of goods or facilities provided or the services actually performed"). Although the Fifth Circuit has not

4

evaluated HUD's view of RESPA § 8(b) liability, the seven circuits that have considered this issue all disagree with HUD's policy statement.

Some circuits distinguish between an ordinary overcharge and a markup. A normal overcharge occurs if a service is performed, but the fee charged is excessive. *See, e.g., Kruse v. Wells Fargo Home Mortgage., Inc.*, 383 F.3d 49, 55-56 (explaining the nature of an overcharge). But a markup occurs if a third-party vendor's fee is passed on to the consumer by the settlement service provider at a higher rate without also performing an additional service. *See, e.g., id.* at 57 (2d Cir. 2004) (explaining the definition of a markup). The distinction between a markup and overcharge is important as some circuits have found RESPA § 8(b) liability for a markup. *E.g. id.* at 61.

Of the seven circuits that have addressed the issue of RESPA § 8(b) liability, three circuits will not find liability even if a markup occurs. *See generally Boulware v. Crossland Mortgage Corp.*, 291 F.3d 261 (4th Cir. 2002); *Krzalic v. Republic Title Co.*, 314 F.3d 875 (7th Cir. 2002); *Haug v. Bank of America, N.A.*, 317 F.3d 832 (8th Cir. 2003) (all finding no RESPA liability for markups). In these three circuits, a plaintiff must prove that a kickback occurred. *See generally, e.g., Krzalic*, 314 F.3d at 879 (describing the conduct prohibited by RESPA § 8(b)).

The Second, Third, Ninth, and Eleventh Circuits have foreclosed liability only if the charge at issue is a mere overcharge.[1] *See id.* at 56 (rejecting HUD's interpretation of RESPA § 8(b) liability for overcharges and observing that "nothing in the language authorizes courts to divide a 'charge' into what they or some other person or entity deems

---

[1] Not all of the circuits have reached the issue of RESPA § 8(b) liability for markups.

5

to be its 'reasonable' and 'unreasonable' components); *Santiago v. GMAC Mortgage Group, Inc.*, 417 F.3d 384, 386-87 (3d Cir. 2005) (refusing to consider the merits of the HUD Policy Statement because "the plain language of Section 8(b) does not provide a cause of action for overcharges"); *Martinez v. Wells Fargo Home Mortgage., Inc.*, ___ F.3d ___, 2010 WL 779549 at *3, 2010 U.S. App. LEXIS 4899 at *8-9 (9th Cir. Mar. 9, 2010) (failing to reach the question of *Chevron* deference to the HUD because "[w]e join our sister circuits in holding that the text of Section 8(b) is unambiguous and does not extend to overcharges"); *Friedman v. Market Street Mortgage Corp.*, 520 F.3d 1289, 1297 (11th Cir. 2008) (refusing to split a charge into reasonable and unreasonable components).

Patino offers the Court no case from any circuit in which RESPA § 8(b) liability has been found for an overcharge. Patino does argue that the Fifth Circuit offers HUD greater deference than other circuits, relying on *O'Sullivan v. Countrywide Home Loans, Inc.*, 319 F.3d 732 (5th Cir. 2003). In *O'Sullivan*, the Fifth Circuit deferred to HUD's interpretation of RESPA § 8(c). *Id.* at 739. RESPA § 8(c) allows "the payment to any person of a bona fide salary or compensation or other payment for goods or facilities actually furnished or for services actually performed." 12 U.S.C. § 2607(c)(2). HUD has defined this exception in terms of the reasonable relationship test which asks, in part, if "'payments are reasonably related to the value of the goods or facilities that were actually performed.'" *O'Sullivan*, 319 F.3d at 739 (quoting Real Estate Settlement Procedures Act Statement of Policy 1999-1, 64 Fed. Reg. 10,080, 10,084 (Dep't of Hous. and Urban Dev. Mar. 1, 1999). The *O'Sullivan* Court found RESPA did not provide a workable

liability standard and that HUD's reasonable relationship test interpreting RESPA § 8(c) was not "manifestly contrary to the plain meaning of the statute." *Id.* at 741.

The fact that HUD's interpretation of § 8(c) was entitled to deference does not impact the validity of HUD's interpretation of § 8(b) here. An agency's interpretation of a statute is not even reviewed if a statute is unambiguous. *See Kerr-McGee Oil and Gas Corp. v. U.S. Dep't. of Interior*, 554 F.3d 1082, 1084 (5th Cir. 2009) (explaining that deference to an agency's decision is the second step a court must take after *first* determining the statute to be ambiguous) (citing *Chevron U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837 (1984). In *O'Sullivan*, the Fifth Circuit found that the statute did not provide a workable liability standard with regard to RESPA § 8(c)'s exception to kickbacks. *O'Sullivan*, 319 F.3d at 741. Thus, the Fifth Circuit chose to "apply HUD's reasonable relationship test, which holds that any excess may be used as evidence of a kickback or referral fee." *Id.* Unlike the Fifth Circuit's finding of ambiguity with regard the HUD's interpretation of RESPA § 8(c), the circuits who considered RESPA § 8(b) found the statute to unambiguously foreclose liability on overcharges. As a result, unless the fee split by Lawyers Title and its title agent was a kickback, *O'Sullivan* does not apply. This was the precise reason that the Court did not grant Lawyers Title's Motion to Dismiss.

As the Court observed at the hearing, it is the Court's belief that it is highly unlikely that the Fifth Circuit will be an outlier on the issue of RESPA § 8(b) liability. Accordingly, the Court chooses to defer to the seven circuit courts that have ruled on this issue and finds that RESPA § 8(b) is unambiguous and does not allow for liability for

mere overcharges. The record is now clear that both Lawyers Title and the title agent, Capital Title, performed services in exchange for a single premium received. Capital Title performed the title search and examination; issued the title commitment; determined that Patino's title was insurable; and issued the new mortgage policy. Parnell Decl., Docket No. 102 App. D ¶ 3. Lawyers Title received its share of the premium in exchange for underwriting the policy and assuming all risk. *Id.* ¶ 4.

Thus, the Court finds that Patino's title insurance fee was an overcharge, not a markup or kickback. Patino's RESPA § 8(b) claim fails as a matter of law.

### IV.   CONCLUSION

For the reasons stated above, the Court GRANTS Lawyers Title's Motion for Summary Judgment.[2]

IT IS SO ORDERED.

Signed this 23rd day of March 2010.

_____
Royal Furgeson
Senior United States District Judge

---

[2] (Resolves Docket No. 102).